UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LEONARD GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO,<br><br>Defendant. | CASE NO. 1:15-cv-00579----MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a County inmate proceeding pro se and in forma pauperis in this eminent domain action. His complaint is before the Court for screening.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff is detained at the Fresno County Jail. His allegations are unrelated to his detention. He names the City of Fresno as sole defendant in this action.

On March 25, 2015, Plaintiff was "kicked out" of his house by the City of Fresno, acting through "housing development," City police officers, and "City Coding." Plaintiff was told that his house was unstable and not up to code. The following day, March 26, 2015, Plaintiff's house was knocked down. Plaintiff did not have time to remove anything. Plaintiff believes the City wishes to take his property through eminent domain.

He seeks money damages and a restraining order.

## IV. ANALYSIS

### A. Eminent Domain

The Takings Clause of the Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. The law on condemnations and physical takings is governed by the simple rule that "[w]hen the

2

1  government physically takes possession of an interest in property for some public
2  purpose, it has a categorical duty to compensate the former owner." <u>Tahoe–Sierra Pres.</u>
3  <u>Council, Inc. v. Tahoe Reg'l Planning Agency</u>, 535 U.S. 302, 322 (2002).

4  Plaintiff has not alleged that the City actually took possession of his property and
5  thus he fails to state a claim under the Takings Clause. His belief that the City intends to
6  take the property under eminent domain is, apparently, based on speculation. Absent
7  further facts showing that the City intends to take possession of Plaintiff's property
8  without just compensation, this allegation fails to state a cognizable claim.

**B.   Due Process**

10  Plaintiff may be able to state a due process claim in relation to the destruction of
11  his home.

12  Procedural due process imposes constraints on governmental decisions which
13  deprive individuals of 'liberty' or 'property' interests within the meaning of the Due
14  Process Clause of the Fifth or Fourteenth Amendment." <u>Mathews v. Eldridge</u>, 424 U.S.
15  319, 332 (1976). Due process requires: (1) notice, and (2) an opportunity to be heard at
16  a meaningful time and in a meaningful manner." <u>Brock v. Roadway Express, Inc.</u>, 481
17  U.S. 252, 261 (1987); <u>Mathews</u>, 424 U.S. at 333 ("The fundamental requirement of due
18  process is the opportunity to be heard 'at a meaningful time and in a meaningful
19  manner.'" (quoting <u>Armstrong v. Manzo</u>, 380 U.S. 545, 552 (1965))). The Supreme Court
20  has generally held that "some form of hearing is required before an individual is finally
21  deprived of a property interest." <u>Mathews</u>, 424 U.S. at 333 (citations omitted).

22  Here, Plaintiff does not state whether he had any notice of or opportunity to
23  participate in hearings regarding the destruction of his home. He states that he did not
24  have time between March 25 and March 26 to remove his belongings, but does not
25  explain whether he had any prior notice regarding the purported safety and coding
26  issues that the City identified as motivation for its actions. Absent facts to show that

Plaintiff had neither notice nor an opportunity to be heard on these issues, he fails to state a cognizable claim.

## V.    CONCLUSION AND ORDER

Plaintiff's complaint fails to state a cognizable claim. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

2. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   May 23, 2016                              /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE